UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                                              Plaintiff,

                                              DECISION AND ORDER

                                              12-CR-6130L

                 v.

FAWNDELL HENDERSON,
ASHLEY TRAVIS,

                                             Defendants.
_____

      Defendants Fawndell Henderson and Ashley Travis are charged in an eight-count indictment with various drug and gun offenses.

      Defendant Travis has moved for a severance of her trial from Henderson's trial, pursuant to Rules 14(a) of the Federal Rules of Criminal Procedure, and *Bruton v. United States*, 391 U.S. 123 (1968).[1]  The motion is denied.[2]

---

[1] The motion to sever is also ostensibly made pursuant to Rule 12(b)(5). *See* Dkt. #65 at 6, ¶ 9. That subsection ceased to exist over 12 years ago. *See United States v. Green*, No. 04 CR. 424, 2004 WL 2985361, at *1 (S.D.N.Y. Dec. 23, 2004). The procedure for filing motions to sever is now addressed by Rule 12(b)(3)(D). *Id.*

[2] Oral argument was scheduled to take place on March 19, 2014. Although that date was set in open court on January 13, 2014, in the presence of the attorneys for all parties, counsel for Travis failed to appear, apparently having forgotten about the scheduled argument. The Court is therefore deciding the motion on the papers alone. In any event, the issues are clear-cut, as is the correct result here, and having reviewed the papers, I find no need for oral argument.

# DISCUSSION

## I. *Bruton* Issue

Rule 14(a) provides that "[i]f the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires."

In the case at bar, Travis moves for severance based on *Bruton v. United States*, 391 U.S. 123 (1968). In *Bruton*, the United States Supreme Court held that a defendant is deprived of his Sixth Amendment right to confrontation when his non-testifying co-defendant's confession naming him as a participant in the crime is introduced at their joint trial, even if the jury is instructed to consider that confession only against the co-defendant.

Travis bases her severance motion on a statement made by her codefendant Henderson. Henderson's statement was *not* inculpatory as to Travis, however. After his arrest, Henderson signed a written statement to the effect that he alone possessed the guns and drugs, that his "wife [Travis] really has nothing to do with anything," and that he was "sorry for putting [his] family through this mess." Dkt. #65-2.

Far from implicating Travis in the charged offenses, then, Henderson's statements were exculpatory as to her. *Bruton* therefore does not apply. *See United States v. Muhammad*, 498 Fed.Appx. 251 (4th Cir. 2012) ("because [the codefendant's] statement tends to exculpate, rather than inculpate, Muhammad, it actually does not create a *Bruton* problem"). Furthermore, Henderson's statement can be redacted prior to its introduction at trial to remove any reference or allusion to Travis. *See United States v. Taylor*, ___ F.3d ___, 2014 WL 814861, at *11 (2d Cir. Mar. 4, 2014) ("Redactions and substitutions can avoid *Bruton* error,'" provided that the substitution is not "conspicuously awkward"). The Government does not object to redaction here.

Henderson's statement is also not "vitally important" to the Government's case against Travis. The Government states that it will present testimony that Travis sold drugs to an undercover

officer, as well as evidence linking her to the house where the drugs were sold. *See United States v. Slocum*, 695 F.2d 650, 655 (2d Cir.1982) ("A *Bruton* violation occurs only when the [codefendant's] statement is both 'clearly inculpatory' of the defendant and 'vitally important' to the prosecution's case") (citations omitted); *United States v. Jaimespimentz*, No. 09-488-3, 2010 WL 891004, at *1 (E.D.Pa. Mar. 9, 2010) (even assuming that codefendant's statement could be considered incriminating because it placed moving defendant physically close to the drugs, there were still no grounds for a severance, since the government had independent evidence to that effect).

**II. "Spillover" Prejudice**

Travis also argues that without a severance, she will suffer so-called "spillover" prejudice from going to trial with Henderson.

Disparity in evidence and the potential for prejudicial "spillover" will not ordinarily justify a severance. *United States v. Locascio*, 6 F.3d 924, 947 (2d Cir. 1993). "[J]oint trials involving defendants who are only marginally involved alongside those heavily involved are constitutionally permissible." *Id.*

In fact, there is a strong preference for joint trials in the federal system, *see United States v. Bin Laden*, 109 F.Supp.2d 211, 214 (S.D.N.Y.2000). "Differing levels of culpability and proof are inevitable in any multi-defendant trial and, standing alone, are insufficient grounds for separate trials." *United States v. Spinelli*, 352 F.3d 48, 55 (2d Cir.2003) (citation omitted).

To justify severance, defendant must demonstrate that the spillover will be so prejudicial as to constitute a "miscarriage of justice." *Locascio*, 6 F.3d at 947. That is an "extremely difficult burden" to carry. *United States v. Bellomo*, 954 F.Supp. 630, 649 (S.D.N.Y.1997) (quoting *United States v. Casamento*, 887 F.2d 1141, 1149 (2d Cir.1989)).

Travis has not made such a showing. At most she has shown different degrees of culpability. That is not enough. Any risk of spillover prejudice can be avoided through proper jury instructions.

*See Spinelli*, 353 F.3d at 55 (approving instruction that jury must "consider the case against each defendant separately").

## CONCLUSION

Defendant Ashley Travis's motion for a severance (Dkt. #65) is denied.

The parties are directed to work together to agree upon a redacted version of defendant Henderson's statement. If the parties cannot agree, they are to submit their proposed redacted versions to the Court, along with their other pretrial materials, and the Court will resolve the dispute prior to trial.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       March 20, 2014